IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CASSANDRA MEYERS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**GC SERVICES, L.P.,** )<br>)<br>**Defendant.** ) | 10-CV-2202 RDR/KGS |

## COMPLAINT

NOW COMES the Plaintiff, CASSANDRA MEYERS, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, GC SERVICES, L.P., Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. CASSANDRA MEYERS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Wichita, County of Sedgwick, State of Kansas.

1

5. GC SERVICES, L.P., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Kansas. Defendant is incorporated in the State of Texas.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

### IV.   ALLEGATIONS

9. In or around January 2010, Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that it was calling to collect a debt allegedly owed by Plaintiff.

10. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services.

11. During the course of the aforementioned telephone call between Defendant and Plaintiff, Defendant requested current contact information for Plaintiff.

12. Plaintiff provided Defendant with her current address and contact telephone number.

13. Despite having contact with Plaintiff and despite being fully cognizant of Plaintiff's location, in or around January 2010, Defendant proceeded to contact Plaintiff's husband's parents and state that Defendant needed to speak with Plaintiff.

14. During the course of the aforementioned telephone conversation between Defendant and Plaintiff's husband's parents, Defendant disclosed that it was a debt collector and that Plaintiff owed a debt.

15. Plaintiff did not consent to Defendant contacting third parties.

16. Despite being cognizant of Plaintiff's location and despite having no authorization from Plaintiff to contact third parties, Defendant has initiated multiple telephone calls to Plaintiff's husband's parents.

17. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

18. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

   b. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3);

   c. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

   d. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

19.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.   JURY DEMAND & TRIAL LOCATION

20.     Plaintiff hereby demands a trial by jury on all issues so triable.

21.     The Plaintiff, CASSANDRA MEYERS, by and through her attorneys, Larry P. Smith & Associates, Ltd., hereby respectfully requests that the trial of this matter proceed in Kansas City.

### VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CASSANDRA MEYERS, by and through her attorneys, respectfully prays for judgment as follows:

        a.    All actual compensatory damages suffered;

        b.    Statutory damages of $1,000.00;

        c.    Plaintiff's attorneys' fees and costs;

        d.    Any other relief deemed appropriate by this Honorable Court.

        Respectfully submitted,
        **CASSANDRA MEYERS**

By:   s/ Sarah R. O'Loughlin
      Attorney for Plaintiff

Dated: April 10, 2010

Sarah R. O'Loughlin (Atty. No.: 22928)
LARRY P. SMITH & ASSOCIATES, LTD.
5822 Marion Street
Shawnee, KS 66218
Telephone:  (888) 595-9111 (x819)
Facsimile:   (888) 418-1277
E-Mail:       soloughlin@smithlaw.us